1  BOWMAN AND BROOKE LLP
   Brian Takahashi (SBN: 146505)
2  Richard L. Stuhlbarg (SBN: 180631)
   970 West 190th Street, Suite 700
3  Torrance, California 90502
   Tel No:    310/ 768-3068
4  Fax No:   310/ 719-1019

5

6  BOWMAN AND BROOKE LLP
   Michael J. Hurvitz, (SBN: 249050)
7  750 B. Street, Suite 1740
   San Diego, CA 92101
   Tel No:    619/ 376-2500
8  Fax No:   619/ 376-2501

9  Attorneys for Defendant
   BMW OF NORTH AMERICA, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

'17CV2011 CAB BLM

| IAN MCDONALD, | ) | **CASE NO.: 37-2017-00025907-CU-BC-CTL** |
|---|---|---|
| Plaintiff, | ) | Assigned to: Hon. Richard E. L. Strauss |
| vs. | ) | Department: C-75 |
| BMW OF NORTH AMERICA, LLC; and DOES 1 through 10, inclusive, | ) | **DEFENDANT BMW OF NORTH AMERICA LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** |
| Defendants. | ) | Action Filed: July 14, 2017<br>Trial:     None |

Defendant BMW OF NORTH AMERICA, LLC ("BMW NA"), for itself alone and for no other parties, hereby answers Plaintiff Complaint as follows:

1. Under the provisions of §431.30(d) of the California Code of Civil Procedure, Defendant BMW NA, denies each and every allegation, both specifically and generally, of each cause of action contained in Plaintiff's Complaint on file herein and the whole thereof, and denies that Plaintiff was damaged in any sum or sums, or at all.

/ / /

/ / /

## AFFIRMATIVE DEFENSE
## (FAILURE TO STATE CAUSE OF ACTION)

2. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against BMW NA.

## AFFIRMATIVE DEFENSE
## (DURATION OF IMPLIED WARRANTY – NEW SUBJECT VEHICLE)

3. The implied warranty duration is only 1 year.

## AFFIRMATIVE DEFENSE
## (SUBJECT VEHICLE FIT FOR ITS INTENDED PURPOSE)

4. BMW NA is informed and believes, and on that basis alleges that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. <u>American Suzuki Motor Corporation v. Superior Court</u> (1995) 37 Cal.App.4th 1291.

## AFFIRMATIVE DEFENSE
## (NO TIMELY REVOCATION OF ACCEPTANCE)

5. Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance after the alleged breach and before a substantial change in the condition of the goods.

## AFFIRMATIVE DEFENSE
## (LACK OF STANDING)

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert any of all the causes of action alleged in the Complaint because BMW NA is informed and believes that Plaintiff is not a buyer as required by Cal. Code § 1791(b).

/ / /
/ / /
/ / /

**AFFIRMATIVE DEFENSE**

**(NEGLIGENCE, IMPROPER MAINTENANCE OR OTHER EXCLUSION)**

7. BMW NA is informed and believes, and on that basis alleges, that Plaintiff and/or others negligently operated and/or improperly cared for and maintained the subject vehicle, therefore, some of Plaintiff's nonconformities were or should have been excluded from coverage. Specifically, BMW NA alleges that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

**AFFIRMATIVE DEFENSE**

**(ESTOPPEL, LACHES, LACK GOOD FAITH)**

8. BMW NA is informed and believes some or all of Plaintiff's claims may be barred by estoppel, laches and/or lack of good faith.

**AFFIRMATIVE DEFENSE**

**(THIRD PARTY RESOLUTION)**

9. BMW NA maintains a qualified third party dispute resolution process, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation. Suman v. BMW of North America, Inc (1994) 23 Cal. App. 4th 1.

**AFFIRMATIVE DEFENSE**

**(GOOD FAITH)**

10. BMW is informed and believes, and on that basis alleges, at all times, BMW's evaluation of Plaintiff's repurchase request has been in good faith, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

**AFFIRMATIVE DEFENSE**

**(FORUM)**

11. BMW NA alleges that this claim has been filed in an improper forum, as plaintiff agreed to arbitrate this dispute when he signed the Retail Installment Sales Contract with the dealer.

/ / /

/ / /

## AFFIRMATIVE DEFENSE
## (UNREASONABLE OR UNAUTHORIZED USE)

12. BMW NA is informed and believes some of Plaintiff's concerns may have been caused by unreasonable or unauthorized use. Civil Code Section 1794.3.

## AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

13. BMW NA is informed and believes, and on that basis alleges, that the Complaint, and each cause of action thereof, is barred by application of the statutes of limitation set forth in the Code of Civil Procedure §§ 337, 338, 339, 340, and Commercial Code §2725 or any other statute of limitation applicable to the present action.

## AFFIRMATIVE DEFENSE
## (FAILURE TO PRESERVE EVIDENCE)

14. BMW NA is informed and believes that some of Plaintiff's claims may be barred, in whole or in part, because Plaintiff or others knew of the existence or likelihood of litigation and negligently failed to preserve crucial evidence

## AFFIRMATIVE DEFENSE

15. BMW NA alleges that it may have additional affirmative defenses available to it of which it is not now fully aware. BMW NA, reserves the right to assert affirmative defenses after the same shall have been ascertained.

///
///
///
///
///
///
///
///

WHEREFORE, Defendant BMW NA, prays as follows:

1. For dismissal of Plaintiff's Complaint with prejudice;
2. For a stay of this action pending arbitration;
3. For judgment in favor of Defendant BMW NA, against Plaintiff
4. For the costs of suit herein; and,
5. For such other and further relief as the Court may deem just and proper

DATED: August 21, 2017          BOWMAN AND BROOKE LLP


BY: _____
    Brian Takahashi
    Richard L. Stuhlbarg
    Michael J. Hurvitz
    Attorneys for Defendant
    BMW OF NORTH AMERICA, LLC

**JURY DEMAND**

BMW OF NORTH AMERICA, LLC hereby demands that this matter be tried before a jury.

DATED: August 21, 2017                BOWMAN AND BROOKE LLP

BY: _____
    Brian Takahashi
    Richard L. Stuhlbarg
    Michael J. Hurvitz
    Attorneys for Defendant
    BMW OF NORTH AMERICA, LLC

**PROOF OF SERVICE**
*CCP 1013A(3)*

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 B. Street, Suite 1740, San Diego, CA 92101.

On August 21, 2017, I served the foregoing document described as ***DEFENDANT BMW OF NORTH AMERICA, LLC'S ANSWER TO COMPLAINT AND JURY DEMAND*** on all interested parties in this action by placing ( ) the original ( **XX** ) true copy(ies) thereof enclosed in sealed envelopes addressed as follows:
**SEE ATTACHED SERVICE LIST**

( **XX** ) **BY MAIL (CCP §1013(a) and §2015.5):** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

( ) **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (CCP §1013(a) and §2015.5):** I sealed such document(s) in separate envelopes for each addressee and deposited each for collection and mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

( ) **BY FACSIMILE (CRC 2.306 and §2015.5):** The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service/mailing list and the transmission(s) reported as complete and without error. The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g), and no error was reported by the machine. Pursuant to CRC, Rule 2.306(g), I caused the facsimile machine to print a transmission(s) record, a true and correct copy of which is attached hereto.

( ) **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

( ) **BY PERSONAL SERVICE (CCP §1011 and §2015.5):** I caused to be delivered such envelope by hand to the addressee.

Executed on August 21, 2017, at San Diego, California.

(**X**) (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Kathleen La Bute*
_____
Kathleen La Bute

## SERVICE/MAILING LIST
### Chris Koeper v. BMW of North America, LLC, et al.
Los Angeles County Superior Court Case No: BC668754

| | |
|---|---|
| Christine Haw, Esq.<br>Yoon Kim, Esq.<br>STRATEGIC LEGAL PRACTICES, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, California 90067 | Attorneys for Plaintiff<br><br>Tel:    310/ 929-4900<br>Fax:   310/ 943-3838<br>Email: chaw@slpattorney.com<br>           ykim@slpattorney.com |