UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MCDONALD,<br><br>                           Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>                          Defendant. | Case No.: 3:17-CV-2011-CAB-BLM<br><br>**ORDER GRANTING MOTION TO REMAND AND REMANDING CASE TO STATE COURT**<br><br>[Doc. No. 6] |

On July 14, 2017, Plaintiff filed a complaint in state court seeking damages arising out of alleged defects to a 2012 BMW 650I vehicle that Plaintiff purchased in 2011. The complaint asserts violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code 1794 *et seq.*, breach of express written warranty, breach of the implied warranty of merchantability, fraud, and violation of the Magnuson-Moss Warranty Act. The complaint alleges that Plaintiff suffered damages exceeding $25,000, alleges that Plaintiff is entitled to civil penalties of two times actual damages [Doc. No. 1-2 at ¶¶ 11-14], and also prays for attorney's fees and punitive damages [*Id.* at 14-15].

Plaintiff served the state court complaint on Defendant BMW of North America, LLC ("BMW") on July 24, 2017. On September 29, 2017, BMW removed the complaint

to this court on the basis of diversity jurisdiction. Plaintiff now moves to remand on the grounds that BMW's removal was untimely. As the Ninth Circuit has explained:

> The mechanics and requirements for removal are governed by 28 U.S.C. § 1446. Section 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id.* (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting § 1446(b)).

*Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). In its notice of removal and in opposition to the instant motion, BMW argues that the complaint was not removable on its face because it does not state the purchase price of Plaintiff's vehicle or otherwise state the amount Plaintiff seeks in damages. Thus, BMW contends its removal was timely within the second thirty-day removal period because it occurred the same day that BMW obtained the sales contract for Plaintiff's vehicle showing a purchase price in excess of $100,000. [Doc. No. 11 at 2.] The Court is not persuaded.

In its notice of removal, BMW stated that "Plaintiff did not provide any information regarding amount [sic] in controversy in the Complaint." [Doc. No. 1 at ¶ 4.] This statement is incorrect. The complaint states that Plaintiff's damages exceed $25,000, and prays for actual damages, statutory penalties of two times actual damages, attorney's fees and punitive damages. In its notice of removal, BMW acknowledges that each of these categories of recovery are properly included in the amount in controversy calculation and in fact calculates the amount in controversy using the vehicle purchase price as the amount of Plaintiff's actual damages and multiplying it by three to arrive at a total amount of monetary damages and penalties sought in the complaint. However, even using the

minimum amount of damages alleged in the complaint—$25,001[1]—the $75,000 minimum for diversity jurisdiction is satisfied when accounting for civil penalties. Accordingly, this case was removable based on the face of the complaint.

*Kuxhausen*, on which BMW relies, does not require a different conclusion. In that class action case, the issue was whether the complaint clearly stated that $5,000,000 in controversy as required for diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). The Ninth Circuit rejected the defendant's argument that it was not required to calculate the total amount in controversy by multiplying the value of the putative class members' individual claims by the number of class members. *Kuxhausen*, 707 F.3d at 1140. Nevertheless, the Court ultimately held that "because nothing in Kuxhausen's complaint 'indicate[d] that the amount demanded by *each putative class member* exceed[ed]" an amount sufficient to yield a total amount in controversy for the class exceeding $5,000,000, the complaint "fell short of triggering the removal clock under Section 1446(b)." *Id.* at 1141 (*emphasis* in original). In other words, when the amount in controversy cannot be calculated based on numbers in the complaint, the removal clock is no triggered simply because the defendant could guess the damage amount or figure it out through its own investigation.

BMW, however, would not have needed to engage in guesswork or investigation to ascertain that this case was removable based on the allegations in the complaint. Knowledge of the purchase price of Plaintiff's vehicle may have helped BMW determine the total amount at stake, but it was not necessary to determine that more than $75,000 is in controversy. Just as BMW multiplied the purchase price by three to argue in the notice of removal that Plaintiff is seeking a minimum of $314,164.50, it could have multiplied $25,001 (the minimum amount of damages alleged in the complaint) by three to determine

---

[1] The complaint stated that Plaintiff's damages *exceed* $25,000. [Doc. No. 1-2 at ¶ 11.] Notably, the complaint also attached a complaint from a prior class action that Plaintiff contends tolled the statute of limitations for his claim. That complaint alleged that the amount in controversy for each of the Plaintiffs' individual claims exceeded $50,000. [Doc. 1-2 at 71.]

that Plaintiff seeks, at a minimum, in excess of $75,000, not including attorney's fees or punitive damages. Performing this calculation would not have required any extrapolations, subjective knowledge, or evidence outside of the complaint, and multiplying these figures that were stated in the complaint was part of BMW's duty to ascertain removability. *Kuxhausen*, 707 F.3d at 1140 (holding that the removal statute "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability. Multiplying figures clearly stated in a complaint is an aspect of that duty.") (internal citation and quotation marks omitted). Accordingly, unlike in *Kuxhausen*, the complaint triggered the removal clock under Section 1446(b). Because BMW did not remove within thirty days of being served with the complaint, its removal was untimely.

In light of the foregoing, it is hereby **ORDERED** that Plaintiff's motion to remand is **GRANTED**. This case is **REMANDED** to San Diego County Superior Court.

It is **SO ORDERED**.

Dated: November 28, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge